*294 MEMORANDUM BT THE COURT
The opinion of the Supreme Court remanding this case contains the following:
“What the company is entitled to is just compensation for the contract which was taken from it, and under the cases cited it should certainly be credited with the outlay which it can show there was reasonable ground for making in order to fulfill its engagements. On the other hand, the Government may show, without regard to the estimates, that the actual additional expenditures were really not required for the fulfillment of the contract, or if less than what was spent was needed, then how much less. The case must be remanded for new evidence and new findings on this issue.”
The plaintiff’s new record in response to the mandate indisputably discloses reasonable grounds for making the expenditures claimed. The court in its decision had no doubt of this fact. The decision adverse to plaintiff’s contention was rested upon another basis. The defendant produced no testimony — doubtless no witnesses were obtainable — in contradiction of the positive evidence of the plaintiff, disclosing the reasonableness of and necessity for the expenditure of the amount claimed. The necessity for the expendi *295 tures made was and is clearly established by the authorization therefor, and the reasonableness of the amount appears from the conditions under which the money was expended, the wages paid, and the price of materials used. We have no doubt from the record that the plaintiff was in nowise extravagant and completed the additions to its plant as economically as it could have been done under existing conditions.
Judgment will be awarded the plaintiff for $95,454.15, with interest at the rate of 6% per annum from the date of cancellation of plaintiff’s contract, November 16, 1918, until paid. It is so ordered.